UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

                          Plaintiff,                        Case No. 11-cr-20167

v.                                        Honorable Thomas L. Ludington

JEFFREY MICHAEL MCBAY,

                          Defendant.

_____/

**ORDER DENYING MOTION FOR EARLY TERMINATION**

On August 4, 2011, Defendant Jeffrey McBay pleaded guilty to uttering counterfeit securities pursuant to a Rule 11 Plea Agreement. *See* Rule 11 Agreement 1, ECF No. 14. Factually, McBay acknowledged tendering a fraudulent payroll check in the amount of $287.77 to Don's Party Store in Beaverton, Michigan on July 17, 2009. On November 18, 2011, McBay was sentenced to 30 months' imprisonment (to run consecutively to the custodial sentences he was serving with the Michigan Department of Corrections). J. 2, ECF No. 21. On March 22, 2012, the Court issued an amended judgment to reduce the restitution amount owed by McBay to $12,644.47. Am. J. 1, ECF No. 22. The amended judgment did not affect McBay's custodial sentence.

On May 31, 2013, McBay filed a motion to modify his sentence in which he challenged the Bureau of Prisons' computation of his sentence. ECF No. 23. That motion was denied on June 14, 2013, because McBay had not exhausted his administrative remedies. ECF No. 26. On November 3, 2014, McBay filed a second motion to modify his sentence. ECF No. 27. That

motion was denied on July 6, 2015, because McBay's administrative remedies remained unexhausted. ECF No. 29.

Now, McBay has filed a motion for early termination of his supervised release. ECF No. 30. In the motion, he represents that he has been working full time for the past year, has made restitution payments, and that he believes he "no longer need[s] to be supervised" because he is "doing everything . . . to keep out of any bad [situations]." *Id.* at 1–2. For the following reasons, McBay's motion will be denied.

Pursuant to 18 U.S.C. § 3583(e),

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

§ 3583(e)(2).

Section 3553(a)(1) directs the court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant." Section 3553(a)(2)(B) addresses the need to adequately deter criminal conduct, while Section 3553(a)(2)(C) focuses on the need to protect the public from "further crimes of the defendant." Section 3553(a)(2)(D) directs the court to consider the need "to provide the defendant with needed educational or vocational training." "The court may also consider the kinds of sentence, the sentencing range established for the applicable category of offense, the applicable guidelines, policy statements, or amendments issued by the U.S. Sentencing Commission, the need to avoid unwarranted sentence disparities, and the need to provide restitution to victims." *United States v. Minor*, 440 F. App'x 479, 482 (6th Cir. 2011). Modification is permitted to respond to changed circumstances or to promote effective supervision. *United States v. Neal*, 810 F.3d 512, 516–17 (7th Cir. 2016).

The Court commends McBay for his progress towards full rehabilitation. His hard work and conscientiousness in avoiding compromising situations will serve him well in the future. However, McBay has not shown any unanticipated change in circumstances which would justify early termination of his supervised release. Rather, his progress towards full rehabilitation indicates that the supervision is having exactly its intended impact. Continued supervision is likely to aid McBay as he persists in his efforts for rehabilitation.

Accordingly, it is **ORDERED** that Defendant McBay's Motion to for Early Termination, ECF No. 30, is **DENIED**.


Dated: January 24, 2017                    s/Thomas L. Ludington
                                           THOMAS L. LUDINGTON
                                           United States District Judge


| PROOF OF SERVICE |
| --- |
| The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 24, 2017. |
| s/Michael A. Sian |
| MICHAEL A. SIAN, Case Manager |